# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT PARK NETWORKS, LLC, | Case No. 14-10520 (MFW) |
| Debtor. | Ref. No. _____ |

**ORDER APPROVING APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JONES DAY AS SPECIAL LITIGATION COUNSEL TO DEBTOR PURSUANT TO 11 U.S.C. §§ 327& 328; (II) AUTHORIZING PAYMENT OF LITIGATION COST RESERVE PURSUANT TO 11 U.S.C. § 363 AND (III) AUTHORIZING WAIVER OF CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

THIS MATTER came before the Court upon the Application (the "**Application**") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order: (a) authorizing the retention and employment of Jones Day ("**Jones Day**") as special litigation counsel to the Debtor in connection with the ABC Litigation; (b) authorizing the establishment for Jones Day of a Litigation Cost Reserve pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004; and (c) authorizing the limited waiver of sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the UST's Guidelines . The Court, having reviewed (i) the Application and (ii) the Declaration of Brian A. Sun, a partner of the law firm of Jones Day, attached to the Application as Exhibit A (the "**Sun Declaration**"); and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; it is hereby

LAI-3220204v3

ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 327(e) and 328(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain Jones Day as special litigation counsel for the Debtor in the ABC Litigation pursuant to the terms set forth in the Application and the Retainer Agreement.[1]

3. The Retainer Agreement between the Debtor and Jones Day is APPROVED in all respects.

4. The Contingent Fee Arrangement between the Debtor and Jones Day is APPROVED in all respects pursuant to section 328(a) of the Bankruptcy Code.

5. The Debtor is authorized to transfer the Litigation Cost Reserve to Jones Day's attorney trust account pursuant to section 363 of the Bankruptcy Code and Jones Day's representation of the Debtor shall be effective immediately thereon.

6. To the extent inconsistent with the relief requested in the Retainer Agreement, the requirements of sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, are hereby waived.

7. The Contingent Fee Arrangement set forth in the Application is approved on a final basis as proper and provident in light of all circumstances which can reasonably be anticipated at this time.

8. Jones Day shall apply to the Court for final approval of costs and expenses incurred in connection with the ABC Litigation upon the conclusion of the ABC Litigation.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

LAI-3220204v3

9. No creditor of the Debtor, including, but not limited to, prior counsel in the ABC Litigation, has or shall have any claim, charge or lien on the Gross Consideration including, but not limited to, proceeds of the ABC Litigation that is senior or equal in priority to the claim of and/or lien granted to Jones Day against such proceeds for recovery of its fees and costs in accordance with the Retainer Agreement.

10. The lien granted to Jones Day in the Retainer Agreement is hereby approved. The Debtor is authorized to grant to Jones Day a security interest in all of the right, title and interest of Prospect Park in and to the Gross Consideration including, but not limited to, proceeds of the ABC Litigation, in each case, whether now in existence or at any time hereafter arising, which such lien shall be deemed perfected by virtue of entry of this Order without the need to file a UCC-1 financing statement.

11. In the event the Litigation Cost Reserve is insufficient to cover all of Jones Day's costs and expenses related to the ABC Litigation, any available proceeds of the ABC Litigation shall first be paid to Jones Day to reimburse it for any such expenses not otherwise satisfied, and any claims by the Debtor or third parties to the Gross Consideration shall be subordinated to the claim and lien of Jones Day for its costs and expenses. To the extent the aforementioned is insufficient to pay Jones Day's costs and expenses in full, Jones Day shall be granted an administrative expense claim pursuant to section 503 of the Bankruptcy Code for the balance of any such unpaid costs and expenses, subject to final approval of the application by this Court.

12. With respect to the funding of the Litigation Cost Reserve, the 14 day stay imposed by Bankruptcy Rule 6004(h) is waived and this Order shall be effective immediately upon its entry.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. This Retainer Agreement and this Order shall be binding upon any successors and assigns of the Debtor, including but not limited to, a Chapter 11 Trustee or Chapter 7 Trustee, and/or any liquidating trustee or other successors or assigns of the Debtor under a plan of reorganization or plan of liquidation in this case.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated August __, 2014
    Wilmington, Delaware

_____
Honorable Mary Walrath
United States Bankruptcy Judge