**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT PARK NETWORKS, LLC, | Case No. 14-10520 (MFW) |
| Debtor. | **Related to Docket No. 84** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JONES DAY AS
SPECIAL LITIGATION COUNSEL TO DEBTOR PURSUANT TO 11 U.S.C. §§ 327 &
328; (II) AUTHORIZING PAYMENT OF LITIGATION COST RESERVE PURSUANT
TO 11 U.S.C. § 363 AND (III) AUTHORIZING WAIVER OF CERTAIN INFORMATION
REQUIREMENTS PURSUANT TO LOCAL RULES 2016-2(H)**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") hereby objects (the "Objection") to the *Application of the Debtor for Entry of an Order (I) Authorizing the Retention and Employment of Jones Day as Special Litigation Counsel to the Debtor Pursuant to 11 U.S.C. §§ 327 & 328; (II) Authorizing Payment of Litigation Cost Reserve Pursuant to 11 U.S.C. § 363 and (iii) Authorizing Waiver of Certain Information Requirements Pursuant to Local Rules 2016-2(H)* [Docket No. 84] (the "Retention Application"), pursuant to which the above-captioned debtor and debtor-in-possession (the "Debtor") seeks to retain Jones Day as its counsel in the ongoing ABC Litigation.[1]  In support of this Objection, the Committee respectfully represents as follows:

## OBJECTION

Although the Committee whole heartedly supports the retention of a preeminent law firm such as Jones Day as counsel in the ABC Litigation, the Committee submits that the

---

[1] Capitalized terms used herein, but not defined herein, shall have the meanings ascribed to such terms in the Retention Application.

retention of Jones Day at this time is premature and, indeed, would render the Debtor's plan of liquidation[2] unconfirmable and lead to the administrative insolvency of the Chapter 11 Case. Accordingly, the Committee requests that the Court adjourn the Retention Application *sine die* or, in the alternative, deny the Retention Application, without prejudice.

The Retention Application requires that the Debtor fund a $400,000 advance to Jones Day to cover costs and expenses that might be incurred over the multi-year life of the ABC Litigation. However, if the Debtor funds that Litigation Cost Reserve, the Committee estimates that the Debtor will be left with only approximately $80,000 to fund all administrative claims in this Chapter 11 Case, including professional fees. See *Monthly Operating Report (July)* [Docket No. 97] (showing a month-end cash balance of $137,494.62); see also *Debtor's Motion for and Order (I) Authorizing Debtor to Submit Tax Credit Application to the State of Connecticut; (II) Approving Tax Credit Purchase Agreement with Apple, Inc.; (III) Authorizing Sale of Tax Credit to Apple, Inc. Via Private Sale Pursuant to Section 363 of the Bankruptcy Code Free and Clear of Liens, Claims, Encumbrances and Interests; (IV) Authorizing the Debtor to Issue Notice of Transfer of Tax Credit; and (V) Directing EP Financial Solutions to Pay Net Proceeds to Debtor*, Exhibit B [Docket No. 85] (showing net proceeds from the tax credit transaction of $342,607.01).

Considering just professional fees—which obviously are not the only administrative or priority claims that are or will be asserted against the Debtor's estate—the administrative costs of the estate currently exceed $80,000. See *Interim Application for Compensation (First) of Genovese Joblove & Battista, P.A. for the Period March 10, 2104 to June 30, 2014* ($131,154.80); *Interim Application for Compensation (First) of Cousins, Chipman & Brown, LLP for the Period March 10, 2104 to June 30, 2014* ($33,492); *Interim Application*

---

[2]    The Debtor filed the *Liquidating Plan of Prospect Park Networks, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 88] (the "Liquidating Plan") on August 7, 2014.

*for Compensation (First) of Cole Schotz, Meisel, Forman & Leonard, P.A. for the Period April 1, 2104 to June 30, 2014* ($112,531.50).  Accordingly, unless the Debtor's estate receives additional funding or the terms of Jones Day's retention are revised, funding the Litigation Cost Reserve will render the Debtor's estate insolvent and make confirmation of the Debtor's liquidating Plan impossible.  As such, if the Court is asked to consider the Retention Application at this time, the Committee submits that the Retention Application must be denied.

Although denial of the Retention Application at this time is merited, the Committee believes that adjourning consideration of the Retention Application until the parties are able to negotiate a plan of liquidation is in the best interest of creditors.  As noted above, the Committee fully supports the retention of a firm such as Jones Day to prosecute the ABC Litigation.  With additional time, the Committee believes that the parties may find a way to retain Jones Day—but without dooming the Chapter 11 Case to a conversion to chapter 7 of the Bankruptcy Code.

52850/0001-10911739v4

## CONCLUSION

For all the foregoing reasons, the Committee respectfully requests that the Court

adjourn the Retention Application *sine die* or, in the alternative, deny the Retention Application.


Dated: Wilmington, Delaware
       September 18, 2014

                         COLE, SCHOTZ, MEISEL, FORMAN
                           & LEONARD, P.A.


                         /s/ David R. Hurst
                         David R. Hurst (I.D. No. 3743)
                         500 Delaware Avenue, Suite 1410
                         Wilmington, Delaware 19801
                         Telephone: (302) 652-3131
                         Facsimile: (302) 652-3117


                         - and -


                         Daniel F.X. Geoghan
                         900 Third Avenue, 16th Floor
                         New York, New York 10022
                         Telephone: (646) 563-8925
                         Facsimile: (646) 563-7925


                         *Counsel for Official Committee of Unsecured Creditors*

52850/0001-10911739v4