IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT PARK NETWORKS, LLC,[1] | Case No. 14-10520 (MFW) |
| Debtor. | Ref Nos. 164 and 171 |

**ORDER PURSUANT TO BANKRUPTCY RULES 2002 AND 3003, AND LOCAL RULES 2002-1(e) AND 3003-1 (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM AND INTEREST, (II) APPROVING THE FORM AND MANNER FOR FILING SUCH CLAIMS, AND (III) APPROVING NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtor and debtor-in-possession (the "**Debtor**") seeking entry of an order (this "**Order**") (a) establishing the deadline for filing proofs of claim or interest in the this Chapter 11 Case, (b) approving the form and manner for filing such claims and interests, and (c) approving notice thereof; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, as set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number are 8495. The Debtor's headquarters and mailing address is 1840 Century Park East, 18th Floor, Los Angeles, California 90067.

[2] Unless stated otherwise, all capitalized terms not defined herein shall have the same meanings as set forth in the Motion.

2.  All claims arising, or deemed to have arising by virtue of section 501(d) of the Bankruptcy Code, prior to the Petition Date, including any claims against the Debtor's estate based on the Debtor's primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal or equitable liability, or otherwise (each, a "**Claim**"), except as otherwise provided for or specifically excepted herein, shall be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, in writing, with an original signature, together with supporting documentation, substantially confirming with Official Bankruptcy Form B10, or as otherwise prescribed or authorized under the Bankruptcy Rules, so as to be actually received on or before **December 15, 2014 at 11:59 p.m. (Prevailing Eastern Time)** (the "General Bar Date"), at the office of the Clerk of the United States Bankruptcy Court for the District of Delaware as set forth in the Bar Date Notice.

3.  All equity security interests in the Debtor, which interests are based exclusively upon the ownership of stock in any of the Debtor or warrants or rights to purchased, sell or subscribe to such a security or interest (each, an "**Interest**"), except as otherwise provided for or specifically excepted herein, shall be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, in writing, with an original signature, or by filing and submitting an electronic Proof of Claim Form, together with supporting documentation, substantially confirming with Official Bankruptcy Form B10, or as otherwise prescribed or authorized under the Bankruptcy Rules, so as to be actually received on or before **December 15, 2014 at 11:59 p.m. (Prevailing Eastern Time)** (the "Interest Bar Date"), at the office of the Clerk of the United States Bankruptcy Court for the District of Delaware as set forth in the Bar Date Notice.

4. All governmental units (which shall include all entities defined as such in Section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim arising from pre-petition tax years or periods or pre-petition transactions to which the Debtor was a party) holding or wishing to assert a Claim against the Debtor arising before the Petition Date are required to file a proof of claim on account of any claims such governmental unit holds or wishes to assert against the Debtor, so that any such proof of Claim is actually received by the Clerk of the United States Bankruptcy Court for the District of Delaware on or before **April 14, 2015 at 5:00 p.m. (Prevailing Eastern Time)** (the "**Governmental Unit Bar Date**").

5. All persons or entities holding a Claim arising under sections 503(b) and 507(a)(2) of the Bankruptcy Code (each, an "**Administrative Claim**") against the Debtor that may have arisen, accrued or otherwise become due and payable at any time on and subsequent to the Petition Date, but on or before October 1, 2014 (the "**Initial Administrative Claims Period**"), shall be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, in writing, with an original signature, or by filing and submitting an electronic Proof of Claim Form to the Clerk of the United States Bankruptcy Court for the District of Delaware through CM/ECF, together with supporting documentation, substantially confirming with the Administrative Claim Form, or as otherwise prescribed or authorized under the Bankruptcy Rules, so as to be actually received on or before **December 15, 2014 at 11:59 p.m. (Prevailing Eastern Time)** (the "**Administrative Claims Bar Date**").

6. Holders of Claims against the Debtor arising from the rejection by the Debtor of an executory contract or unexpired lease must file a proof of claim on or before the later of: (a) the General Bar Date; (b) thirty (30) days after the entry of an order by the Court authorizing

3

such rejection; or (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the "**Rejection Bar Date**").

7. In the event the Debtor amends its statements of financial affairs and schedules of assets and liabilities (collectively, the "**Schedules**"), the bar date for filing a Proof of Claim with respect to any Claim affected by such amendment to the Schedules shall be the later of (a) the General Bar Date, (b) a time period fixed by the Court or (c) if no date is provided, 11:59 p.m. (Prevailing Eastern Time) on the date that is 21 days after the date on which the Debtor provided notice of such amendment and notice of the bar date with respect to the Schedules. For the avoidance of doubt, any creditor that has filed a Proof of Claim before the Schedules are amended shall not be required to file an amended Proof of Claim.

8. The Bar Date by which a creditor shall file a Proof of Claim arising from the Debtor's rejection of any executory contract or unexpired lease shall be the later of (a) the General Bar Date or (b) the date provided in (i) the order authorizing the Debtor to reject or (ii) the notice of rejection of the contract or lease or, if no such date is provided, then 30 days after the date the order is entered or notice is provided.

9. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against or interest in the Debtor who is required, but fails, to file a Proof of Claim or interest or Administrative Claim in appropriate form in accordance with the terms of this Order on or before the applicable Bar Date or Supplemental Bar Date shall not be permitted to vote, to accept or reject any chapter 11 plan filed in this Chapter 11 Case, or participate in any distribution on account of such claim or interest or to receive further notices regarding such claim or interest.

10. Notwithstanding the foregoing, the following classes of creditors are <u>not</u> required to submit Proofs of Claim in accordance with the Bar Dates established herein:

(a) any claim or interest for which there already is a properly filed proof of claim against or interest in the Debtor with the Clerk of the Bankruptcy Court for the District of Delaware (the "**Clerk**") in a form substantially similar to Official Bankruptcy Form No. 10 ("**Official Form 10**");

(b) any claim or interest listed on the Schedules; <u>provided</u>, that (i) the claim or interest is not scheduled as "disputed," "contingent" or "unliquidated," (ii) the holder of the claim or interest agrees with the amount, nature and priority of the claim or interest as set forth in the Schedules, and (iii) the holder of the claim or interest agrees that the claim or interest is an obligation of the specific Debtor against which the claim or in which the interest is listed on the Schedules;

(c) any person or entity that holds an interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that any interest holder who wishes to assert any claim (as opposed to ownership interest) against the Debtor that arises out of or relates to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the security or interest, must file its Proof of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d) any claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(e) any claim against the Debtor that has been paid in full by the Debtor or any other party;

(f) any claim or interest that is subject to specific filing deadlines fixed by this Court which deadlines conflict with those established in the Proposed Bar Date Order; and

(g) any claim asserted by the Debtor.

11. Moreover, any creditors holding or wishing to assert the following types of Administrative Claims against the Debtor need <u>not</u> file claim:

(a) Administrative Claims on account of which a request for payment of Administrative Claim already has been

5

properly filed with the Clerk for the United States Bankruptcy Court for the District of Delaware (the "**Clerk**"), if such request clearly sets forth that such party is asserting an Administrative Claim and includes supporting documentation;

(b) Administrative Claims previously allowed or paid pursuant to an order of the Court;

(c) Administrative Claims asserted by professionals retained by the Debtor, to the extent that such claims are for services performed and reimbursement of expenses incurred in the Chapter 11 Case;

(d) Administrative Claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtor; and

(e) Administrative Claims of governmental units under section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

12. The form of Proof of Claim (the "**Proof of Claim Form**"), substantially in the form attached hereto as **Exhibit 1**, is hereby approved.

13. The form Request for Payment of Administrative Claim and Proof of Claim (the "**Administrative Claim Form**"), substantially in the form attached hereto as **Exhibit 2**, is hereby approved.

14. The following rules shall govern the completion and filing of each Proof of Claim:

(a) Each proof of claim or interest and Administrative Claim must (i) be written in English; (ii) be denominated in lawful currency of the United States; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 10 or the Administrative Claim Form; (iv) indicate the Debtor against which the person or entity is asserting a claim or in which the person or entity is asserting an interest; and (v) be signed by the claimant or interest holder or, if the claimant or interest holder is not an individual, by an authorized agent of the claimant or interest holder;

(b) Each proof of claim or interest and Administrative Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; **provided, however,** that a proof of claim or interest or Administrative Claim may be filed without supporting documentation upon the prior written consent of the Debtor; **provided further** that any creditor that received such written consent shall be required to transmit such documentation to the Debtor or other party in interest upon request no later than ten (10) days from the date of such request;

(c) All proofs of claim or interest must be filed so as to be **actually received** by the Clerk no later than 11:59 p.m. (Prevailing Eastern Time) on the applicable Bar Date in the manner prescribed by Local Rules 3003-1(b) and 9011-4(c), namely:

  (i) When filing a paper claim, the entity shall file the original proof of claim and one (1) copy and shall serve a copy on counsel for the Debtor. Any entity that files a proof of claim by mail and wishes to receive a clocked-in copy by return mail must include an additional copy of the proof of claim and a self-addressed, postage-paid envelope.

  (ii) Claims submitted through a court-approved electronic claims filing system are considered the original proof of claim. Additional copies for the Clerk and the Debtor are not required. Any creditor or interest holder that electronically files a Proof of Claim or interest shall retain such Proof of Claim or interest (and supporting documents) with an original signature for a period of not less than two (2) years from the date the Proof of Claim or interest was electronically filed.

(d) The Debtor shall **not** be required to accept a proof of claim or interest by facsimile, telecopy, or electronic mail transmission (other than as set forth in Paragraph 13(c) hereof).

15. The Debtor is hereby authorized and directed to serve the following materials by first-class U.S. mail, postage prepaid, on all known claimants holding actual or potential Claims

and Interests and Administrative Claims no later than five (5) business days after the date of entry of this Order: (a) written notice of the Bar Dates in substantially the form attached hereto as **Exhibit 3** (the "Bar Date Notice"); (b) the Proof of Claim Form, and (c) the Administrative Claim Form (collectively, the "**Bar Date Package**").

16. The Debtor or its counsel is further authorized and directed to mail the Bar Date Package no later than five (5) business days after the date of entry of this order to the following parties:

(a) all known creditors and their counsel;

(b) the United States Trustee;

(c) counsel for any committee;

(d) all parties who file a request for service of notices under Bankruptcy Rule 2002(i);

(e) all equity security holders;

(f) all persons and entities that have filed claims against the Debtor, if any;

(g) all taxing authorities for the jurisdictions in which the Debtor does or did any business;

(h) all environmental authorities listed in the Schedules;

(i) all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(j) all parties in litigation with the Debtor;

(k) the Internal Revenue Service;

(l) the United States Attorney for the District of Delaware;

(m) the United States Department of Justice;

(n) the Securities and Exchange Commission;

 (o) the Debtor's current employees, directors and officers, and the Debtor's former employees, directors and officers to the extent that contact information for former employees, directors and officers is available in the Debtor's records; and

 (p) such additional persons and entities as deemed appropriately by the Debtor.

17. The Debtor is hereby authorized to provide supplemental mailings of the Bar Date Package at any time up to 21 days in advance of the General Bar Date or any other applicable Bar Date, as may be necessary in situations, including, without limitation, (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties-in-interest (*e.g.*, banks, trustees and brokers and equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing and (c) additional potential claimants and interest holders that become known as the result of the Bar Date noticing process. Notwithstanding the foregoing, the Debtor shall not be required to provide any additional notice to any claimant or interest holder to whom the Debtor mailed the Bar Date Package in accordance with the terms of this Order and such notice was returned to the Debtor as undeliverable without a forwarding address.

18. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, without limitation, the Bar Date Notice, the Bar Date Package and any supplemental notices that the Debtor may send from time to time) constitute adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

19. The Debtor is authorized to establish Bar Dates in addition to those expressly provided herein (the "**Supplemental Bar Dates**") with respect to (a) creditors as to which a remailing of the Bar Date Package is appropriate, but which cannot be accomplished in time to

provide at least 30 days' notice of the Bar Date and (b) other creditors that become known to the Debtor after the applicable Bar Date; provided, however, that the Debtor advises the Court of a Supplemental Bar Date by filing notice of such Supplemental Bar Date which will identify the Supplemental Bar Date and the claimants and interest holders that are subject thereto. In the event the Debtor establishes a Supplemental Bar Date, it is further directed to mail a Bar Date Package, modified to include the Supplemental Bar Date, to known creditors who are subject to the Supplemental Bar Date within 30 days of any Supplemental Bar Date.

20. The Debtor is authorized, in its discretion, to extend a Bar Date where the Debtor determine that such extension is in the best interests of the Debtor and its estate.

21. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Oct. 27, 2014
Wilmington, Delaware

THE HONORABLE MARY WALRATH
UNITED STATES BANKRUPTCY JUDGE