## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT PARK NETWORKS, LLC,[1] | Case No. 14-10520 (MFW) |
| Debtor. | **Objection Deadline:** February 13, 2015 at 4:00 p.m. (ET)<br>**Hearing Date:** February 23, 2015 at 2:00 p.m. (ET) |

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY TO PERMIT ANDREWS KURTH LLP TO SETOFF RETAINER, AND (II) APPROVING STIPULATION RELATING THERETO

The above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through the undersigned counsel, hereby moves this Court (the "**Motion**"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as Exhibit B, granting relief from the automatic stay to permit Andrews Kurth LLP ("**Andrews Kurth**") to setoff a pre-petition retainer received from the Debtor against pre-petition amounts owed to Andrews Kurth in accordance with the terms of the stipulation attached hereto as Exhibit A. In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 362 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1.

---

[1]      The last four digits of the Debtor's federal tax identification number are 8495. The Debtor's headquarters and mailing address is 1840 Century Park East, 18th Floor, Los Angeles, California 90067.

### BACKGROUND

**I.      The Bankruptcy Cases**

3.      On March 10, 2014 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing this case (the "**Chapter 11 Case**").

4.      The Debtor has continued in possession of its properties and is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No request has been made for the appointment of a trustee or an examiner in this Chapter 11 Case.  On March 31, 2014, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 24].

6.      A more detailed overview of the Debtor and the reasons for the commencement of this Chapter 11 Case is set forth in the *Declaration of Jeffrey E. Kwatinetz in Support of Chapter 11 Petition* (the "**Kwatinetz Declaration**") filed on March 21, 2014 [Docket No. 17], which is incorporated herein by reference.

**II.      The Andrews Kurth Claim**

7.      Prior to the Petition Date, Andrews Kurth served as lead counsel for the Debtor in its lawsuit against American Broadcast Companies, Inc. currently pending in the Superior Court of the State of California and styled Case No. BC506052, *Prospect Park Networks, LLC v. American Broadcasting Companies, Inc.* (the "**ABC Case**").

8.      On September 9, 2013, in connection with Andrews Kurth's engagement, Andrews Kurth and the Debtor entered into an engagement agreement which required that the Debtor provide Andrews Kurth with a $50,000 retainer (the "**Retainer**").

9.      On September 13, 2013, the Debtor paid the $50,000 Retainer to Andrews Kurth.

10.      As of the Petition Date, Andrews Kurth asserts it is owed not less than $711,976.77 for fees and expenses incurred by the Debtor prior to the Petition Date ("**Andrews Kurth's Claim**").[2]

11.      On account of the Chapter 11 Case, pursuant to the automatic stay (the "**Automatic Stay**"), Andrews Kurth is stayed from setting off the Retainer against Andrews Kurth's Claim.

12.      On or about January 19, 2015, Andrews Kurth and the Debtor entered into that certain *Stipulation Modifying the Stay and Allowing Andrews Kurth LLP to Setoff Retainer* (the "**Stipulation**").  A copy of the Stipulation is attached hereto as Exhibit A.

13.      Under the terms of the Stipulation, the Debtor agreed to a modification of the Automatic Stay in order to allow Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim.

14.      Subject to Bankruptcy Court approval, the Debtor and Andrews Kurth desire to consensually resolve this matter on the terms set forth in the Stipulation and request relief from the Automatic Stay to permit Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim for the reasons set forth below.

## RELIEF REQUESTED

15.      By this Motion, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B (i) granting relief from the Automatic Stay to permit Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim in accordance with the terms of the Stipulation, and (ii) approving the Stipulation.

---

[2]      The Debtor reserves all of its rights to contest the amount and validity of Andrews Kurth's Claim, however, for purposes of this Motion and the Stipulation attached as Exhibit A, the Debtor agrees that Andrews Kurth's Claim is in excess of the Retainer to be setoff hereunder.

## BASIS FOR RELIEF REQUESTED

16.    11 U.S.C. § 362(d) provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

17.    The automatic stay set forth in section 362(a) of the Bankruptcy Code is not meant to be indefinite or absolute and this Court has the power to grant relief from the automatic stay in appropriate circumstances. *See Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (*citing Wedgewood Investment Fund Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 697 (3d Cir. 1989)).  Indeed, the decision of whether to lift the stay for cause under section 362(d) is committed to the sound discretion of the bankruptcy court and is reviewed only for an abuse of discretion. *In re C&S Grain Co., Inc.*, 47 F.3d 233, 238 (7th Cir. 1995); *Atlantic Marine, Inc. v. American Classic Voyages, Co. (In re American Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003).

18.    "Cause" is not defined under section 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis after looking at the "totality of the circumstances." *See Tribune Media Servs. v. Beatty (In re Tribune Co.)*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (citations omitted); *Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997); *Rexene Products*, 141 B.R. at 576 (*citing Int'l Bus. Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991)).

19.    "[I]n the determination of 'cause,' section 362(d) is interpreted as placing an initial burden on the moving party to establish its *prima facie* case which must then be rebutted

by the party opposing such relief." *Tribune*, 418 B.R. at 127 (*quoting Rexene Products*, 141 B.R. at 577 (citations omitted)).

20.    In determining whether cause exists, "the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *C&S Grain Co.*, 47 F.3d at 238. *See also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993) ("courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant").

21.    The Debtor submits that cause exists to lift the Automatic Stay to permit Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim.  The Debtor paid the Retainer to Andrews Kurth during the pre-petition period in order to secure Andrews Kurth's services as lead counsel in the ABC Case.  Thus, the Retainer is already in Andrews Kurth's possession. Moreover, although the Debtor reserves all rights to contest the amount and validity of Andrews Kurth's Claim, the Debtor agrees for purposes of this Motion that Andrews Kurth's Claim exceeds the amount of the Retainer.  Most importantly, granting the relief sought in this Motion will ensure consensual resolution of a portion of Andrews Kurth's Claim without the need for litigation or significant motions practice.

22.    For these reasons, the Debtor respectfully requests (i) relief from the Automatic Stay to permit Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim in accordance with the terms of the Stipulation, and (ii) approval of the Stipulation.

## NOTICE AND NO PRIOR REQUEST

23.    Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to GEPF, LLC; and (d) those parties requesting notice in this case pursuant to Bankruptcy Rule 2002.  In light of

the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B (i) granting relief from the Automatic Stay to permit Andrews Kurth to setoff the Retainer against Andrews Kurth's Claim in accordance with the terms of the Stipulation, (ii) approving the Stipulation, and (iii) granting such other relief that the Court deems just and proper.

Dated: January 19, 2015
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
1007 North Orange Street, Suite 1110
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:      (302) 295-0199
Email:          chipman@chipmanbrown.com
                olivere@chipmanbrown.com

            -and-

John H. Genovese
Michael Schuster
Heather L. Harmon
**GENOVESE JOBLOVE & BATTISTA P.A.**
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
Email:       jgenovese@gjb-law.com
             mschuster@gjb-law.com
             hharmon@gjb-law.com

*Counsel for the Debtor and Debtor-in-Possession*