IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROSPECT PARK NETWORKS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10520 (MFW)<br><br>Objection Deadline: March 31, 2015 at 4:00 p.m.<br>Hearing Date: Only if Objections are Filed |

**NINTH MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C.,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>JANUARY 1, 2015 THROUGH JANUARY 31, 2015</u>**

| | |
|---|---|
| Name of Applicant: | **COLE SCHOTZ P.C.** |
| Authorized to provide professional services to: | **The Official Committee of Unsecured Creditors of Prospect Park Networks, LLC Prospect Park** |
| Date of retention: | **May 28, 2014,** *nunc pro tunc* **to March 31, 2014** |
| Period for which compensation and reimbursement is sought: | **January 1, 2015 through January 31, 2015** |
| Amount of compensation sought as actual, reasonable and necessary: | **$5,069.60 (80% of $6,337.00)** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$0.00** |
| This is a: | **Ninth Monthly Application** |

The time expended to prepare Applicant's eighth and ninth monthly fee applications will be included in the Applicant's next fee application.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees (100%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st | 7/14/14 | 4/1/14 – 5/31/14 | $92,745.50/$1,654.29 | $92,745.50/$1,654.29 |
| 2nd | 8/12/14 | 6/1/14 – 6/30/14 | $19,786/$415.37 | $19,786/$415.37 |
| 3rd | 8/29/14 | 7/1/14 – 7/31/14 | $2,255.50/$35.28 | $1,804.40/$35.28 |
| 4th | 9/22/14 | 8/1/14 – 8/31/14 | $17,998/$173.09 | $17,998/$173.09 |
| 5th | 10/27/14 | 9/1/14 – 9/30/14 | $38,649/$598.78 | $38,649/$598.78 |
| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
| 6th | 11/20/14 | 10/1/14 – 10/31/14 | $15,755/$127.46 | $12,604/$127.46 |
| 7th | 12/19/14 | 11/1/14 – 11/30/14 | $6,472/$254.01 | $5,177.60/$254.01 |
| 8th | 2/17/15 | 12/1/14 – 12/31/14 | $18,188.50/$202.10 | $14,550.80/$202.10 |

52850/0001-11596798v1

PROSPECT PARK NETWORKS, LLC

SUMMARY OF BILLING BY ATTORNEY
JANUARY 1, 2015 THROUGH JANUARY 31, 2015

| Name of Professional Person | Date of Bar Admission | Position with Cole Schotz and number of years in that position | Hourly billing rate* | Total billed hours | Total compensation |
|---|---|---|---|---|---|
| David R. Hurst | 1998 | Member (since 2013) | $595.00 | 0.6 | $357.00 |
| Daniel F. Geoghan | 1999 | Member (since 2013) | $525.00 | 7.8 | $4,095.00 |
| Jacob S. Frumkin | 2010 | Associate (since 2014) | $350.00 | 5.1 | $1,785.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $250.00 | 0.4 | $100.00 |
| TOTALS | | | | 13.9 | $6,337.00 |

**Blended Rate: $455.90**

*This rate is Cole Schotz P.C.'s regular hourly rate for legal services. All hourly rates are adjusted by Cole Schotz P.C. on a periodic basis (the last such adjustment occurred on September 1, 2014).

52850/0001-11596798v1

## PROSPECT PARK NETWORKS, LLC

## COMPENSATION BY PROJECT CATEGORY
### JANUARY 1, 2015 THROUGH JANUARY 31, 2015

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Automatic Stay Matters/Litigation | 0.4 | $238.00 |
| Case Administration | 0.2 | $119.00 |
| Fee Application Matters/Objection | 0.4 | $100.00 |
| Reorganization Plan | 12.9 | $5,880.00 |
| **TOTAL** | **13.9** | **$6,337.00** |

# PROSPECT PARK NETWORKS, LLC

## EXPENSE SUMMARY
## JANUARY 1, 2015 THROUGH JANUARY 31, 2015

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| N/A | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROSPECT PARK NETWORKS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-10520 (MFW)<br><br>Objection Deadline: March 31, 2015 at 4:00 p.m.<br>Hearing Date: Only if Objections are Filed |

**NINTH MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C., COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM JANUARY 1, 2015 THROUGH JANUARY 31, 2015**

Cole Schotz P.C. ("Cole Schotz"), counsel to the Official Committee of Unsecured Creditors in the above-captioned chapter 11 case, hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and reimbursement of expenses for the period from January 1, 2015 through January 31, 2015 (the "Application Period"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

### A. The Chapter 11 Cases

3. On March 10, 2014 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On March 31, 2014, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 24].

### B. The Retention of Cole Schotz

6. On April 14, 2014, the Committee applied [Docket No. 36] to the Court for an order authorizing them to retain and employ Cole Schotz as its counsel, *nunc pro tunc* to March 31, 2014. On May 28, 2014, the Court entered an order [Docket No. 55] (the "Retention Order") authorizing such retention.

### C. The Interim Compensation Order

7. On April 15, 2014, this Court entered the Order Granting the Motion of the Debtor to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Professionals Pursuant Sections 105(a) and 331 of the Bankruptcy Code [Docket No. 40] (the "Interim Compensation Order"),[1] which sets forth the procedures for interim compensation and reimbursement of expenses in this case. Specifically, the Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application on or about the twentieth (20th)

---

[1]  Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

2

day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty-one (21) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtor is authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application, then the Debtor is authorized to pay 80% of the fees and 100% of the expenses not subject to an objection.

## RELIEF REQUESTED

8. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $5,069.60, which is equal to eighty percent (80%) of the $6,337.00 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of the Firm's personnel who rendered such services to the Committee.

9. Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period. This detailed itemization complies with Del. Bankr. L. R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

## ALLOWANCE OF COMPENSATION

10. Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the ... professional person ...." 11 U.S.C. § 330. In order to evaluate a request for allowance of fees by a professional person, a court must determine whether the services rendered were actual and necessary and the fees

3

requested are reasonable. Cole Schotz respectfully submits that its request for a monthly award of compensation for the Application Period satisfies this standard.

11. Cole Schotz serves as counsel to the Committee and is active in all aspects of this chapter 11 proceeding. The following summary highlights the major areas in which Cole Schotz rendered services for the time period covered by this Application. The full breadth of Cole Schotz's services for the time period are reflected in the attached <u>Exhibit A</u>.

a) <u>Reorganization Plan</u> (12.9 hours; $5,880.00). This category includes time spent revising an objection to an extension of the exclusivity period, and analyzing plan strategy, plan-related issues and exit financing options.

## NOTICE

12. Applicant will provide notice of this Application to: (i) the Debtor, Prospect Park Networks, LLC, 1840 Century Park East, 18th Floor, Los Angeles, CA 90067 (Attn: Jeffrey Kwatinetz); (ii) counsel to the Debtor, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, FL 33131 (Attn: Heather L. Harmon, Esquire and Michael L. Schuster, Esquire); (iii) Delaware counsel to the Debtor, Chipman Brown Cicero & Cole, LLP, 1007 North Orange Street, Suite 1110, Wilmington, DE 19801 (Attn: William E. Chipman, Jr., Esquire); (iv) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Room 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esquire); and (v) all parties required to be given notice pursuant to the Interim Compensation Order. In light of the nature of relief requested, Applicant submits that no further notice is required or needed under the circumstances.

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

14. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

WHEREFORE, Cole Schotz respectfully requests (a) approval and payment of monthly compensation for professional services rendered as attorneys for the Debtor in the amount of $5,069.60 (which amount equals eighty percent (80%) of the fees in the amount of $6,337.00 incurred during the Application Period); and (b) such other and further relief as is just and proper.

Date: Wilmington, Delaware
March 10, 2015

COLE SCHOTZ P.C.

/s/ David R. Hurst
David R. Hurst (I.D. No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

- and -

Daniel F.X. Geoghan
900 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (646) 563-8925
Facsimile: (646) 563-7925

*Counsel for Official Committee of Unsecured Creditors*

5